**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Force MOS Technology Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>ASUSTeK Computer Incorporated,<br><br>Defendant. | No. MC-24-00013-PHX-DJH<br><br>**ORDER** |

This case is related to ongoing litigation in the Eastern District of Texas. There, the Plaintiff Force MOS Technology Co., Ltd. ("Plaintiff") has subpoenaed Non-Party Panjit International, Inc. ("Panjit"), a Taiwanese corporation, to testify at a deposition and to produce documents. (Doc. 1 at 1). Panjit has filed a Motion to Quash or Modify Plaintiff's Subpoena, which is fully briefed. (Docs. 1, 5 and 7). Plaintiff has also filed a Motion to Transfer the Motion to Quash to the Eastern District of Texas. (Doc. 6). This Motion is also fully briefed. (Docs. 8–9). The Court will transfer the Motion to Quash to the Eastern District of Texas as discussed below.

**I.     Background**

Plaintiff filed a patent infringement suit against Defendant ASUSTek Computer, Inc. ("ASUS") in the Eastern District of Texas. (Doc. 6-2 at 2). Plaintiff states when it contacted ASUS about certain alleged infringements, ASUS directed Plaintiff to its supplier, Panjit. ASUS also represented to Plaintiff that Panjit is indemnifying ASUS. (Doc. 6 at 2; Doc. 8 at 3). Plaintiff further states that because "the structure of the

components manufactured by [Panjit] is a central issue of the underlying Patent Action, [it] has sought discovery from Panjit" and issued four subpoenas to Panjit.  (Doc. 6 at 2).  The Court will first address the Motion to Transfer.

## II.     The Motion to Transfer

Plaintiff argues that the Court should transfer this Motion to Quash to the Eastern District of Texas under Federal Rule of Procedure 45 because it "is naturally better suited to decide the relative importance of deciding the Motion to Quash quickly" and because the Texas court is familiar with the case already.[1]  (Doc. 6 at 5).  Plaintiff specifically argues that the Texas court is "'familiar with the issues in this case,' and would therefore be better suited to hear the motion to quash'" because the Texas court has conducted a *Markman* hearing.[2]  (*Id.* (citing *St. Clair Cty., Ill v. Trinity Highway Indus.*, 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016)).  Panjit argues, in response, that there are no "exceptional" circumstances that would justify transferring the Motion to Quash—a requirement for a Rule 45 transfer.  (Doc. 8 at 2–3).

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  Such exceptional circumstances include situations in which transfer is warranted to avoid disrupting the issuing court's management of the underlying litigation. *Moon Mt. Farms v. Rural Cmty Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014).

The Advisory Committee notes to Rule 45 "provide the following explanation concerning the 'exceptional circumstances' standard:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior

---

[1] Plaintiff acquiesces that the deposition, if not quashed, should take place in Arizona and that it is only the decision on the Motion to Quash that would be transferred. (Doc. 6 at 3 n.1).

[2] In a *Markman* hearing, the Court is tasked with construing the terms of a patent claim. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) (holding that "the construction of a patent, including terms of art within its claim, is exclusively within the province of the court.").

- 2 -

> position to resolve subpoena-related motions. In some circumstances, however, ***transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation***, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023) (emphasis added). "Courts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (citing *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015)). "Ultimately, whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required." *Hall v. Marriott Int'l Inc.*, 2021 WL 3129598, *1 (N.D. Cal. 2021).

Exceptional circumstances warranting transfer exist here for several reasons. First, the Texas action has been pending since 2022 and much discovery has already taken place under the issuing court's supervision (Doc. 6-2). *Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Ctr. PC*, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016) ("Judicial economy . . . weighs in favor of transfer."). Panjit is also indemnifying ASUS (Doc. 6 at 2; Doc. 8 at 3), which demonstrates that Panjit is intimately entangled with the "management of the underlying litigation" in the Eastern District of Texas. *Jacobs*, 2023 WL 8185701, at *4. Furthermore, while this Motion was pending, the deadline for fact discovery closed in the Texas action. (Doc. 6 at 5).

Moreover, as Plaintiff notes, patent cases are ripe for transfer because, in such technical and complex cases, the issuing court is in a superior position to determine the relevance of the requested discovery. *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *7 n.8 (D. Nev. Aug. 15, 2014); *see also Truswal Sys. Corp. v. Hydro-Air*

*Eng'g, Inc.*, 813 F.2d 1207, 1209, 1211-12 (Fed. Cir. 1987) (noting a "district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.") (internal quotation marks omitted)).  Given that the Texas court has conducted a *Markman* hearing in the underlying action already, the Court finds that the Texas court is "assuredly more familiar with the relevant issues and technical background of the dispute"—which bolsters the exceptional circumstances warranting transfer. *Bright House Networks*, 2020 WL 4464882, at *2.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Transfer the Motion to Quash Panjit's Eastern District of Texas (Doc. 6) is **GRANTED**.  The Clerk of Court shall take all needed action to transfer Panjit's Motion to Quash Subpoena Duces Tecum (Doc. 1) to the Eastern District of Texas.  For purposes of pendency in this Court, Panjit's Motion to Quash Subpoena Duces Tecum (Doc. 1) is **DENIED as moot**.

Dated this 14th day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge